IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 MAY 31 P 3: 53

FELIX ARRINGTON and
MONICA ARRINGTON,

     Plaintiffs,

v.

MERCK & CO., INC., a foreign
Corporation; ANNE BRANDON, an
Individual; LAMONDE RUSSELL, an
Individual; and fictitious defendants
A, B, C & D, being those persons, firms
Or Corporations whose fraud, scheme to
Defraud, and/or other wrongful conduct
Caused or contributed to the Plaintiffs'
Injuries and damages, and whose true
Names and identities are presently
Unknown to Plaintiffs, but will be
Substituted by amendment when
Ascertained.

     Defendants.

Civil Action No.: 2:06-cv-488-SRW

## ANSWER AND JURY DEMAND
## OF DEFENDANT MERCK & CO., INC.

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned

attorneys, and answers Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "STATEMENT OF THE PARTIES"

(1)    Merck denies knowledge or information sufficient to form a belief as

to the truth or falsity of the information set forth in paragraph 1 of the Complaint, except

denies that Plaintiffs are the proper parties to bring this action.

(2)     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 2 of the Complaint, except denies that Plaintiffs are the proper parties to bring this action.

(3)     Merck denies each and every allegation set forth in paragraph 3 of the Complaint, except admits Merck is a New Jersey corporation with its principal place of business in New Jersey and that Merck is authorized to do business in Alabama. Merck further admits that it manufactured, marketed and distributed the prescription medication Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is amenable to service through its registered agent.

(4)     Merck denies each and every allegation set forth in paragraph 4 of the Complaint, except admits that Defendant Anne Brandon is a sales manager for Defendant Merck and admits, on information and belief, that Ms. Brandon lives at 7 Lauderhill, Tuscaloosa, AL 35406.

(5)     Merck denies each and every allegation set forth in paragraph 5 of the Complaint, except admits that Defendant Lamonde Russell is a professional representative for Defendant Merck and admits, on information and belief, that Mr. Russell lives at 102 Amanda Place, Pelham, AL 35124.

(6)     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 6 of the Complaint.

(7)     The allegations set forth in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies the allegations in paragraph 7 of the Complaint.

(8)    The allegations set forth in paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies the allegations in paragraph 8 of the Complaint.

## RESPONSE TO "STATEMENT OF THE FACTS"

(9)    Merck denies the allegation in paragraph 9 of the Complaint that the use of prescription medicine Vioxx caused Plaintiff Felix Arrington's heart attack. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining information set forth in paragraph 9 of the Complaint.

(10)    Some of the allegations set forth in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required.    Merck denies each and every allegation set forth in said paragraph.

(11)    Merck denies each and every allegation set forth in the first sentence of paragraph 11 of the Complaint, except admits that Vioxx was sold in Alabama. The allegations set forth in the second and third sentences of said paragraph are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said sentences.

(12)    Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that Vioxx is the brand name for Rofecoxib, that Vioxx is part of a class of medicines known as NSAIDs, that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).  Merck further admits that it manufactured, marketed and

3

distributed the prescription medicine Vioxx in a manner consistent with the relevant United States Food and Drug Administration ("FDA") approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

(13)    Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief. Merck further admits that it manufactured, marketed and distributed Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

(14)    Merck denies that Plaintiff Felix Arrington's alleged injuries and damages resulted from his ingestion of Vioxx. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the additional allegations set forth in paragraph 14 of the Complaint.

## RESPONSE TO COUNT I – STRICT LIABILITY

(15)    For response to paragraph 15 of the First Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(16)    Merck denies each and every allegation set forth in paragraph 16 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

(17)    Merck denies each and every allegation set forth in paragraph 17 of the Complaint, except admits that it manufactured, marketed, and distributed the

4

prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

(18)   Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

(19)   Merck denies each and every allegation set forth in paragraph 19 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## COUNT II – NEGLIGENCE

(20)   For response to paragraph 20 of the Second Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(21)   The allegations set forth in the first sentence of paragraph 21 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said sentence. Merck denies each and every allegation set forth in the second and third sentences of paragraph 21 of the Complaint.

(22)   Merck denies each and every allegation set forth in paragraph 22 of the Complaint.

(23)   Merck denies each and every allegation set forth in paragraph 23 of the Complaint.

5

## COUNT III – BREACH OF EXPRESS WARRANTY

(24)    For response to paragraph 24 of the Third Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(25)    Merck denies each and every allegation set forth in paragraph 25 of the Complaint.

(26)    Merck denies each and every allegation set forth in paragraph 26 of the Complaint.

(27)    Merck denies each and every allegation set forth in paragraph 27 of the Complaint.

(28)    Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

(29)    Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

## COUNT IV – BREACH OF IMPLIED WARRANTY

(30)    For response to paragraph 30 of the Fourth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(31)    The allegations set forth in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

6

(32)   Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

(33)   Merck denies each and every allegation set forth  in paragraph 33 of the Complaint.

(34)   Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

## COUNT V – FRAUD

(35)   For response to paragraph 35 of the Fifth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(36)   Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

(37)   Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

(38)   Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

## COUNT VI – FRAUDULENT MISREPRESENTATION

(39)   For response to paragraph 39 of the Sixth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(40)   Merck denies each and every allegation set forth in paragraph 40 of the Complaint, except admits that Merck employs professional representatives.

(41)   Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

(42)    Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

(43)    Merck denies each and every allegation set forth in paragraph 43 of the Complaint, except admits that Merck trains its professional representatives.

(44)    Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that Merck trains its professional representatives.

(45)    Merck denies each and every allegation set forth in paragraph 45 of the Complaint, except admits that Merck employs professional representatives and that Plaintiffs purport to quote the referenced document but avers that said quotations are taken out of context.

(46)    Merck denies each and every allegation set forth in paragraph 46 of the Complaint, except admits that Merck employs professional representatives and that Plaintiffs purport to quote the referenced document but avers that said quotations are taken out of context.

(47)    Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

(48)    Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

(49)    Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

(50)    Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

8

(51)    Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

(52)    Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

## VII – LOSS OF CONSORTIUM

(53)    For response to paragraph 53 of the Seventh Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(54)    The allegations set forth in paragraph 54 of the Complaint are legal conclusions to which no responsive pleading is required.    Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

(55)    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 55 of the Complaint.

(56)    Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

(57)    Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

## DAMAGES

(58)    Merck denies each and every allegation set forth in paragraph 58 of the Complaint, except admits that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

(59)    Merck denies each and every allegation set forth in paragraph 59 of the Complaint, except admits that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

(60)    With respect to the Plaintiffs' jury demand set forth in paragraph 60 of the Complaint, Merck states that no substantive response is warranted, but Merck hereby demands a trial by jury on all issues so triable in this case.

In response to the "Wherefore" paragraph of the Complaint, Merck denies each and every allegation, except admits that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A EIGHTH**
**DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff Felix Arrington knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption

11

of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff Felix Arrington's misuse or abuse of Vioxx.

## AS FOR A TWELTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff Felix Arrington's idiosyncratic reaction, pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

12

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud or misrepresentation are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINTEENTH
### DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate the alleged damages.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

The claims of Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

Plaintiffs have not sustained any injury or damages compensable at law.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

15

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, reckless, or grossly negligent and therefore any award of punitive damages is barred.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs make a claim for punitive damages, Merck asserts that the Plaintiffs have not complied with statutory requirements to recover punitive damages.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs' claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

>        (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

>        (b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection

Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip, 111 S. Ct. 1032, 113 L. Ed. 2d 1.*

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)    The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)    The Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)    The Plaintiffs' attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)    The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l)    The award of punitive damages against this defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

The Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996), on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Merck affirmatively pleads that any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.

*See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

Merck avers that any punitive damage cap set out in Ala. Code § 6-11-21, (1975), applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (1993).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 854 So.2d 529 (Ala. 2002).

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A FOURTIETH
## DEFENSE, MERCK ALLEGES:

Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A FOURTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A FOURTY-SECOND
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A FOURTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

## AS FOR A FOURTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

21

## AS FOR A FOURTY-FIFTH
## DEFENSE, MERCK ALLEGES:

The Employee Defendants, Ann Brandon and Lamonde Russell, are improperly joined.

## AS FOR A FOURTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A FOURTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and standing to bring such claims, or are not the real party in interest.

## AS FOR A FOURTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FOURTY-NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiff, Felix Arrington.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

Venue in this case is improper and/or would be more appropriate in another venue.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, it reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

_____
R. Austin Huffaker, Jr.
 Bar Number: (ASB-3422-F55R)
Robert C. ("Mike") Brock
 Bar Number:  (ASB-5280-B61R)
F. Chadwick Morriss
 Bar Number: (ASB-8504-S75F)
Benjamin C. Wilson
 Bar Number (ASB-1649-I54B)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail: rah2@rsjg.com
   rcb@rsjg.com
   fcm@rsjg.com
   bcw@rsjg.com
**Attorneys for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 31st day of May, 2006, as follows:

Andy D. Birchfield, Jr., Esquire
J. Paul Sizemore, Esquire
BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P. C.
Montgomery, Alabama 36103-4160
Attorney for Plaintiff

_____
OF COUNSEL

24