IN THE DISTRICT COURT OF THE UNITED FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Felix Arrington and<br>Monica Arrington<br><br>　　　PLAINTIFFS,<br><br>v.<br><br>Merck & Co., Inc., et al.,<br><br>　　　DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)　CASE NO. 2:06-CV-488-SRW<br>)<br>)<br>)<br>) |

**MOTION FOR EXPEDITED RULING ON MOTION FOR REMAND**

Plaintiffs, Felix Arrington and Monica Arrington, have before this Court a motion for remand. Plaintiffs Felix Arrington and Monica Arrington respectfully request this Court to rule on the pending remand motion expeditiously. In support of this request, Plaintiffs Felix Arrington and Monica Arrington state as follows:

1. Plaintiffs Felix Arrington and Monica Arrington learned for the first time today that Defendant submitted a tag-along notice to the Joint Panel on Multidistrict Litigation ("JPML") on or about June 2, 2006. (See Exhibit "A" attached hereto.) The JPML has not, as of this date, submitted the case as part of a Schedule Conditional Transfer Order ("CTO") for ultimate transfer to the Vioxx Multidistrict Litigation ("MDL"), which is pending in the United States District Court for the Eastern District of Louisiana. The JPML has notified Plaintiff's counsel this date that this case will likely be part of a JPML Schedule CTO. As such, transfer to the MDL is imminent, unless this Court rules upon the remand motion promptly.

2. It is well-established that the federal court in which a remand motion is pending is in a far better position to determine the merits of that remand motion and brief than the

1

MDL court. As the Hon. William R. Wilson, federal district judge presiding over the hormone therapy MDL proceedings in Arkansas has stated: "Having been in the position of both an MDL court in this case and a transferor court in other case, I believe the issue of remand is better addressed by the transferor court."[1] (See Exhibit "B", n. 6, attached hereto.) In his memorandum remanding several Zyprexa cases back to state court, the Hon. William H. Steele, United States District Court for the Southern District of Alabama, devoted the first ten pages of his well-reasoned, 16-page opinion to the issue of whether the local federal court, to which a case has been removed, or a multidistrict litigation court, to which the removing party seeks to have a case transferred, is in the better position to resolve issues related to the removal-remand process. A copy of his memorandum and accompanying remand orders are attached hereto as Exhibit "C." Judge Steele observed, in part:

> Lilly [the drug manufacturer] argues that a stay of proceedings without reaching the motion to remand "will promote judicial economy, avoid inconsistent rulings by different district courts and avoid prejudice to both plaintiff and defendant." ... District courts have routinely isolated these as the key considerations in whether to grant a stay pending transfer to an MDL court, including when a motion to remand is pending. The rub comes in the courts' varied ways of assessing and valuing these considerations. It would serve no good purpose to engage in a thorough review of the many opinions in this arena, both because most of them lack detailed analysis and because this Court has already adopted a standard for gauging motions to defer ruling on a pending motion to remand: "'[a] court should first give preliminary scrutiny to the merits of the motion to remand' and ..., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.'" *Moton v. Bayer Corp.*, 2005 WL 1653731 at *2 (S.D. Ala. 2005)(quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001).[FN2]

---

[1] *Accord Hobbs v. Wyeth, et al.*, 3:04-CV-176 (E.D. Ark.) (Order of United States District Court Judge Thomas Eisele) (Doc. No. 12), referenced in Judge Wilson's Order (Exhibit "B".)

> The Court has adopted this portion of *Meyers* because it appears better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties than a reflexive rule that automatically defers decision to an MDL court whenever it can be predicted that an issue at least superficially similar may arise in other transferred cases....
>
> ---
>
> [FN2] Under *Meyers*, even when a jurisdictional issue is difficult, the transferor court should not automatically defer ruling but should first "determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceedings." 143 F. Supp. 2d at 1049. Because neither *Moton* nor this case presents a difficult jurisdictional issue, the Court need not decide whether it would adopt this second step of the *Meyers* approach.

Debra Betts v. Eli Lilly & Co., Inc., Civil Action 06-0259-WS-B (S.D. Ala. June 5, 2006) at 2-3.

3.  As set forth in more detail in Plaintiff's Opposition to Merck's Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, the precedence of the United States Court of Appeals for the Eleventh Circuit and other federal jurisdictions mandates that remand issues be decided promptly, in that subject matter jurisdiction issues directly involve whether the federal courts have the authority to proceed over pending matters before it.[2] To comply with the precedential authority and to avoid transfer of this cause of action, which will undoubtedly be lost in the process with several hundred other cases and the resolution of remand greatly delayed, Plaintiffs Felix Arrington and Monica Arrington respectfully request the Court to rule on the pending Motion to Remand as soon as possible. However, if the Court determines that a hearing on the Motion to Remand will be beneficial to deciding this issue, Plaintiffs are prepared to participate in such a hearing.

---

[2] See the authority cited and explained in Plaintiff's Opposition to Merck's Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation.

4. Because this Court lacks subject matter jurisdiction, as set forth in more detail in the Motion to Remand, as amended, this case is due to be remanded to the Circuit Court of Montgomery County, Alabama. Any delay in ruling on the Motion to Remand will certainly result in the unnecessary transfer of this case to the MDL. Therefore, plaintiff moves this Court for an expedited ruling on the pending Motion to Remand.

Respectfully submitted this 14th day of June, 2006.

/s/ Benjamin L. Locklar
ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ 004)
BENJAMIN L. LOCKLAR (LOC009)
W. ROGER SMITH, III (SMI257)
**Attorneys for Plaintiff**

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 223-1236

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 14th day of June, 2006.

R. Austin Huffaker, Jr.
Richard Garrett
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama 36101-0270

/s/ Benjamin L. Locklar
**OF COUNSEL**

4