BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:    VIOXX PRODUCTS LIABILITY LITIGATION MDL 1657

TO:    <u>VIA OVERNIGHT DELIVERY</u>:

MICHAEL J. BECK
CLERK OF THE PANEL
1 COLUMBUS CIRCLE, NORTHEAST
THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING
ROOM G-255 NORTH LOBBY
WASHINGTON, D.C. 20002-8004

*Felix Arrington v. Merck & Co., et al.,*
M.D. Alabama, C.A. No. 3:06-CV-488

<u>NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER</u>

Plaintiff Felix Arrington, by and through his counsel, hereby moves this Honorable Court to vacate this case from its Conditional Transfer Order of June 23, 2006 (CTO-54). As grounds for said Motion, Plaintiff shows unto the court as follows:

1.    Jurisdiction and venue of this matter is proper in the Circuit Court of Montgomery County, Alabama.

2.    Defendant Merck's basis for removal, namely, that there was a fraudulent joinder of the in-state Resident Defendant sales representatives, is incorrect. All of the relief sought by Plaintiff in his Complaint is properly founded upon valid state law claims against the Resident Defendants, as sellers of VIOXX®.

3.    This case is not removable under 28 U.S.C. § 1441. No federal court has subject matter jurisdiction over this state law, non-diversity case originally filed in the Circuit Court of Montgomery County, Alabama.

1



4. Plaintiff's Motion to Remand and Brief in support thereof is pending in the United States District Court for the Middle District of Alabama, Southern Division.

5. Numerous federal courts have ordered remand in other virtually identical cases where the Defendants took the same approach in removing state law claims on the basis of fraudulent joinder and the supplemental jurisdiction argument of 28 U.S.C. § 1367.

6. Transfer under 28 U.S.C. § 1407 does not merge separate cases into a single action.

7. Transfer is inappropriate and impermissible because subject matter jurisdiction does not exist.

8. Transfer is not appropriate because this case involves only Alabama state law claims.

9. Transfer is not appropriate because common issues do not predominate over individual issues of fact.

10. Transfer of this case does not further the convenience of the parties and the witnesses.

11. Transfer will not advance the just and efficient conclusion of this case. It will be more efficient for the dispositive issues of Alabama state law to be handled by a federal district court judge in Alabama.

12. Transfer is inappropriate because this case is not sufficiently complex and time consuming.

13. Any benefits of coordination of pretrial proceedings can be realized by less drastic means than transfer of this action and consolidation with a conglomeration of actions under federal statutes and the laws of many states.

Respectfully submitted this 7th day of July, 2006.

/s/ Benjamin L. Locklar
ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
BENJAMIN L. LOCKLAR (LOC009)
**Attorneys for Plaintiff**

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 7th day of July, 2006.

/s/ Benjamin L. Locklar
OF COUNSEL

3