Case 2:05-cv-00624-WHA-SRW    Document 14    Filed 08/08/2005    Page 1 of 2

Exhibit B



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 02 2004

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| In re: | : MDL Docket No. 4:03CV1507-WRW |
| | : 4:04CV00308 |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : |
| | : |
| SUSAN BROCKERT, et al., | : PLAINTIFFS |
| | : |
| v. | : |
| | : |
| WYETH, f/k/a AMERICAN HOME PRODUCTS, et al., | : DEFENDANTS |
| | : Transferred from Southern Dist. Texas, |
| | : Case No. H:03-5813 |

ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 3). Defendants have responded (Doc. No. 6, 7, 12). Plaintiffs have replied (Doc. No. 11). Additionally, both parties presented oral arguments on their positions at the June 25, 2004 Hearing.

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.[1] In reviewing a motion to remand, I must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.[2]

If the plaintiff "has joined a non-diverse party as a defendant in its state case, the [defendant] may avoid remand - in the absence of a substantial federal question - only by

---

[1] 28 U.S.C. § 1447(c).

[2] *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 193 (8th Cir. 1983)(citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) *cert. dismissed* 484 U.S. 1021 (1988)).



PLAINTIFF'S EXHIBIT "B"

Exhibit B

demonstrating that the non-diverse party was fraudulently joined."[3] If there is "a 'colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder."[4] However, in cases where "the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'"[5]

Based on the findings of fact and conclusions of law made during oral arguments, as well as in the motions, this case is one in which "the complaint against the non-diverse defendant is questionable." Considering the well-established standards for remand, Plaintiffs' Motion to Remand is GRANTED.[6]

IT IS SO ORDERED this 30th day of July, 2004.

UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 8/2/04 BY ___

---

[3] *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).

[4] *Id.* at 810.

[5] *Id.* at 811 (quoting *Iowa Public Service Co. v. Medicine Bow Coal, Co.*, 556 F.2d 400 (8th Cir. 1977).

[6] Having been in the position of both an MDL court in this case and a transferor court in other cases, I believe that the issue of remand is better addressed by the transferor court. I address the issue of remand in this case *only* because the case had already been transferred to the MDL court. *See* The Honorable G. Thomas Eisele's reasoning in his July 13, 2004 Order (Doc. No. 12) in *Hobbs v. Wyeth Inc. et al.*, 3:04-CV-176 (E.D. Ark. filed May 13, 2004).